# Exhibit B

Electronically Filed
9/18/2020 3:21 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
DIMOPOULOS INJURY LAW
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
O: (702) 800-6000
F: (702) 224-2114
ml@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-20-821459-C
Department 32

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TANISE HILL,<br><br>Plaintiff,<br><br>vs.<br><br>LEUL ABRAHAM TEKLE; MERON ENTERPRISES, INC., a Texas corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE ENTITIES 1-20, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filling fees are submitted for parties appearing in the above-entitled action indicated below:

TANISE HILL                                                                                     $270.00

**TOTAL REMITTED:**                                                              $270.00

DATED this 18th day of September, 2020.

DIMOPOULOS INJURY LAW

/s/: Michael C. Lafia
_____
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
6671 S. Las Vegas Blvd., Ste. 275
Las Vegas, Nevada 89119
*Counsel for Plaintiff*

Page 1 of 1

Electronically Filed
9/18/2020 3:21 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
O: (702) 800-6000
F: (702) 224-2114
ml@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-20-821459-C
Department 32

## DISTRICT COURT

## CLARK COUNTY, NEVADA

TANISE HILL,

    Plaintiff,

vs.

LEUL ABRAHAM TEKLE; MERON ENTERPRISES, INC., a Texas corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE ENTITIES 1-20, inclusive,

    Defendants.

CASE NO.:
DEPT NO.:

**COMPLAINT**

Plaintiff, TANISE HILL, by and through her counsel, STEVE DIMOPOULOS, ESQ. and MICHAEL C. LAFIA, ESQ. of DIMOPOULOS INJURY FIRM, and for her Complaint against the Defendants, and each of them alleges and complains as follows:

**JURISDICTION**

1. At all times relevant herein, Plaintiff, TANISE HILL ("Plaintiff"), is a citizen of Nevada and resident of Clark County.

2. Upon information and belief, Defendant, LEUL ABRAHAM TEKLE ("Defendant Tekle"), is and was a citizen of South Dakota.

3. Upon information and belief and for all times relevant herein, Defendant, MERON ENTERPRISES, INC. ("Defendant Meron"), was and is a Texas corporation.

Page 1 of 6

4. Upon information and belief and for all times relevant herein, Defendant Tekle was employed by and/or working in the course of his employment and/or agency with Defendant Meron for the times relevant to the underlying Complaint as stated herein.

5. That the true names and capacities of the Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES 1 through 20 are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES 1 through 20, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES 1 through 20. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

6. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

7. On or about October 4, 2018, Plaintiff was driving a 2010 Lexus ES 350 on southbound Martin Luther King Boulevard just north of Pinto Lane in Clark County, Nevada.

///

///

8. Upon information and belief on October 4, 2018, Defendant Tekle was operating a 2011 Freightliner Tractor/Trailer Semi, owned by Defendant Meron, on southbound Martin Luther King Boulevard just north of Pinto Lane in Clark County, Nevada.

9. Upon information and belief on or about October 4, 2018, Defendant Tekle was operating said vehicle while in the course and scope of his employment and/or agency with Defendant Meron and with the consent, permission, and/or acquiescence of Defendant Meron.

10. Upon information and belief, Defendant Tekle failed to operate the 2011 Freightliner Tractor/Trailer Semi in a safe and reasonable manner when he caused it to crash into Plaintiff's vehicle, causing Plaintiff to suffer and endure personal injuries as a result of the said collision.

### FIRST CAUSE OF ACTION
### (Negligence)

11. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth verbatim.

12. Defendant Tekle, had a duty to operate the subject semi-truck in a safe and reasonable manner while driving on the roadways of Nevada.

13. Defendants, and each of them, breached this duty when the subject semi-truck was not operated in a safe and reasonable manner while driving on the roadways of Nevada, which was the legal and proximate cause of injuries to Plaintiff.

14. That as direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiff was injured in her health, strength and activity, sustained injury to her body and shock and injury to her people, all of which caused Plaintiff pain and suffering.

///

///

///

15. That as a direct and proximate result of Defendants' aforesaid actions, Plaintiff incurred emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiff's general and special damages in an amount in excess of $100,000.

16. That pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" Defendants are liable to Plaintiff for their management's wrongful and tortuous acts.

17. At all times relevant hereto, Defendants, and each them, were acting within the course and scope of his employment, services, contracts and/or agency with each other Defendant.

18. At all times relevant hereto, Defendants, and each of them, were acting within the course and scope of their employment, services, contract and/or agency with each other Defendants, when the subject incident occurred and Defendants, and each of them, acted negligently, thus each and every other Defendant, including but not limited to, Defendant Meron, and DOE and ROE BUSINESS ENTITY Defendants, are vicariously liable for the injuries sustained by Plaintiff as alleged above

19. That as a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiff to retain an attorney to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
(Negligent Hiring, Retention, Training and Supervision)

20. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth verbatim.

/ / /

/ / /

/ / /

21. That Defendants, and each of them, and DOE and ROE BUSINESS ENTITY Defendants, had a duty to properly hire, train and supervise its staff, employees and/or agents as to how to safely operate the subject semi-truck on public roadways in a safe and reasonable manner and to avoid unnecessary risks and danger to the driving public.

22. That as described in detail in the above paragraphs incorporated herein, these Defendants, and each of them, failed to meet this obligation and breached this duty to adequately hire, train and supervise each of their staff and other agents.

23. That as a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff suffered damage in an amount in excess of $100,000.

24. That Defendants failure was the proximate cause of substantial injury to Plaintiff and severe emotional distress.

25. That pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" Defendants are liable to Plaintiff for their management's wrongful and tortuous acts.

26. That Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, and physical injury.

27. That as a direct and proximate cause of Defendants' wrongful conduct, Plaintiff suffered and continues to suffer special, general and compensatory damages in excess of $15,000.

28. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to secure the services of any attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for his attorney fees and costs incurred herein.

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, for each cause of action as follows:

1. General damages as allowed by law;

2. Special and/or contractual damages as allowed by law;

3. Damages for personal injuries in an amount to be determined at trial;

4. Damages for past medical expenses incurred and for further past and future medical expenses in an amount to be determined at trial;

5. For any and all pre- and post-judgment interest allowed under the law;

6. Reasonable attorney's fees and costs; and

7. For such other further relief as this Court may deem just and proper.

DATED this 18th day of September, 2020.

**DIMOPOULOS INJURY LAW**

*/s/: Michael C. Lafia*

MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
6830 South Rainbow Boulevard, #200
Las Vegas, NV 89118
Attorneys for Plaintiff

Electronically Filed
12/7/2020 11:16 AM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

| Case:<br>A-20-821459-C | Court:<br>Eighth Judicial District Court | County:<br>Clark, NV | Job:<br>61006A |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Tanise Hill | | Defendant / Respondent:<br>Leul Abraham Tekle; Meron Enterprises, Inc., et al. | |
| Received by:<br>Macon Process Services LLC | | For:<br>Dimopoulos Injury Law | |
| To be served upon:<br>Meron Enterprises, Inc. | | | |

I, LaToria Macon PSC #18096 exp 1-31-2022, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | "Jane Doe", Company: 13505 Red Fern Lane, Dallas, TX 75240 |
|---|---|
| Manner of Service: | Registered Agent, Dec 3, 2020, 8:47 pm CST |
| Documents: | Complaint, Summons |

**Additional Comments:**
1) Unsuccessful Attempt: Nov 25, 2020, 3:15 pm CST at Company: 13505 Red Fern Lane, Dallas, TX 75240
Attempted service at given address, no response at door.

2) Unsuccessful Attempt: Nov 28, 2020, 10:56 am CST at Company: 13505 Red Fern Lane, Dallas, TX 75240
Attempted service at given address no response at door. Attempted to verify with me at 13509 no response there either.

3) Successful Attempt: Dec 3, 2020, 8:47 pm CST at Company: 13505 Red Fern Lane, Dallas, TX 75240 received by "Jane Doe".
Service accepted by registered agent's wife who confirmed he resides at the residence but was not home. Recipient would not provide her name.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*                                                12/04/2020

LaToria Macon PSC #18096 exp 1-31-2022          Date
PSC #18096

Serve Vegas LLC
Nevada License 1914-C
9811 W. Charleston Blvd 2-732
Las Vegas, NV 8911
702-209-2140

Electronically Filed
11/3/2020 3:34 PM
Steven D. Grierson
CLERK OF THE COURT

1  AOC
STEVE DIMOPOULOS, ESQ.
2  Nevada Bar No. 12729
MICHAEL C. LAFIA, ESQ.
3  Nevada Bar No. 12989
DIMOPOULOS INJURY LAW
4  6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
5  O: (702) 800-6000
F: (702) 224-2114
6  ml@stevedimopoulos.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TANISE HILL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LEUL ABRAHAM TEKLE; MERON ENTERPRISES, INC., a Texas corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE ENTITIES 1-20, inclusive,<br><br>　　　　Defendants. | CASE NO.:　A-20-821459-C<br>DEPT NO.:　32<br><br><br>**AFFIDAVIT OF COMPLIANCE** |

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

I, <u>MICHAEL C. LAFIA, ESQ.</u>, being first duly sworn, deposes and states:

1.　　That I am an attorney duly licensed to practice law in the State of Nevada and I am an attorney with Dimopoulos Injury Law, located at 6671 South Las Vegas Boulevard, Suite 275, Las Vegas, Nevada 89119, and that we have been retained by Plaintiff to represent him in an action against the above-named Defendants.

///

///

///

Page 1 of 3

2.  That Serve Vegas, LLC was provided with a copy of the Summons and Complaint to be served upon Defendant, LEUL ABRAHAM TEKLE, and that Serve Vegas, LLC performed a locate/social/name trace search reflecting address summary, phones, emails, IP addresses, possible employers, bankruptcies, properties, motor vehicles, aircraft, possible relatives and possible associates; all of which returned a last known address in Sioux Falls, South Dakota.

3.  That Affiant caused to be served on the Director of the Department of Motor Vehicles in Nevada, a copy of the Complaint on file herein, and the issued Summons, together with the statutory fee all in accordance with the provisions of NRS 14.070(2), and that said documents were received by the Department of Motor Vehicles on October 13, 2020, as evidenced by the attached Affidavit of Service executed by Richard Reese of Serve Vegas, LLC, and the acknowledgment of same via correspondence from the Department of Motor Vehicles on October 16, 2020, attached hereto as **Exhibit 1**.

4.  That on or about October 16, 2020, Affiant caused to be deposited in the United States mail at Las Vegas, Nevada by restricted delivery, certified mail/return receipt requested, with postage fully prepaid thereon, a copy of the Affidavit of Service upon the Director of Department of Motor Vehicles of the State of Nevada, a copy of the Complaint on file herein, and a copy of the Summons issued addressed to Defendant, LEUL ABRAHAM TEKLE, at his last known address, as provided on the State of Nevada – Traffic Crash Report, as 2608 East 8th Street, Sioux Falls, South Dakota 57103.

///
///
///
///
///
///

5.      That upon attempt of the certified mailing by the United States Postal Service, it was noted that the mailing to Defendant, LEUL ABRAHAM TEKLE, was "Return to Sender – Insufficient Address – Unable to Forward." A copy of the returned certified mailing tracking from the United States Post Office is attached hereto as **Exhibit 2.**

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
MICHAEL C. LAFIA, ESQ.

SUBSCRIBED and SWORN to before
me this 3rd day of November, 2020.

_____
NOTARY PUBLIC in and for said
County and State



Page 3 of 3

Electronically Filed
11/3/2020 2:15 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| A-20-821459-C | Eighth Judicial District Court | Clark, NV | 494705 |
| **Plaintiff / Petitioner:** | | **Defendant / Respondent:** | |
| Tanise Hill | | Leul Abraham Tekle; Meron Enterprises, Inc., et al. | |
| **Received by:** | | **For:** | |
| Serve Vegas LLC | | Dimopoulos Injury Law | |
| **To be served upon:** | | | |
| Leul Abraham Tekle | | | |

I, Richard Reese, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** CHARLENE PETERS , Branch: 555 Wright Way, Carson City, NV 89701
**Manner of Service:** Government Agency, Oct 13, 2020, 11:31 am PDT
**Documents:** Complaint, SUMMONS

**Additional Comments:**
1) Successful Attempt: Oct 13, 2020, 11:31 am PDT at Branch: 555 Wright Way, Carson City, NV 89701 received by CHARLENE PETERS . Age: 61; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'5"; Hair: Brown; Eyes: Blue;
Per NRS Code 14.070, Documents served at the office of the Director of the Nevada Department of Motor Vehicles, an agent lawfully designated by statute to accept service of process.

**Fees:** $5.00 Check # 1329

I declare under penalty of perjury that the foregoing is true and correct.

_Richard Reese_  10/13/2020
Richard Reese  Date
PILB#1505

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
775-720-2620

Case Number: A-20-821459-C



**Steve Sisolak**
*Governor*

**Julie Butler**
*Director*

**Jude Hurin**
*Deputy Director*

Department of Motor Vehicles
555 Wright Way
Carson City, Nevada 89711-0900
Telephone (775) 684-4549

October 16, 2020

Mr. Steve Dimopoulos, Esq.
Dimopoulos Injury Law
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV  89118

Dear Mr. Dimopoulos:

Re:  Tanise Hill vs. Leul Abraham Tekle; Meron Enterprises, Inc., a Texas corporation; DOE individuals 1-20, inclusive; and ROE Entities 1-20, inclusive
Case No.   A-20-821459-C
Service Date:   10/13/2020
Service Accepted For:  Leul Abraham Tekle
Delivery Method:  Reese's Pieces LLC

This letter acknowledges service of a Summons and Complaint received in the Director's Office of the State of Nevada Department of Motor Vehicles for the above-referenced case along with $5 as provided for in NRS 14.070.

Sincerely,

*Charlene Peters*
Charlene Peters
Executive Assistant
Director's Office

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leul Abraham Tekle
2608 E. 8th St.
Sioux Falls, SD 57103

9590 9402 3986 8079 3572 78

2. Article Number (Transfer from service label)

7018 1830 0001 0287 3845

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS POSTAGE $006.900
0001996418 OCT 16 2020
MAILED FROM ZIP CODE 89119

CERTIFIED MAIL

7018 1830 0001 0287 3845

DIMOPOULOS LAW FIRM
6671 S. Las Vegas Blvd., Ste. 27
Las Vegas, NV 89119



Leul Abraham Tekle
2608 E. 8th Street
Sioux Falls, SD 57103

NIXIE   555   DE   1   0010/27/20
RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

BC: 89119327399        *0694-04275-26-35
    89119>3273



RECEIVED NOV 02 2020
By: _____