UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TANISE HILL,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>LEUL ABRAHAM TEKLE, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:21-CV-371 JCM (EJY)<br><br>ORDER |

Presently before the court is plaintiff Tanise Hill's motion to remand. (ECF No. 6). Defendants Leul Tekle and Meron Enterprises, Inc. filed a response (ECF No. 8), to which plaintiff replied, (ECF No. 10).

**I.  Background**

The instant action arises from a car accident. (ECF No. 1). Plaintiff filed her complaint in the Eighth Judicial District Court of Clark County, alleging negligence, and negligent hiring, training, supervision and retention. (*Id.*). On March 4, 2021, defendant removed this action to this court based on diversity jurisdiction. (*Id.*).

On March 26, 2021, plaintiff filed the instant motion, arguing that defendant failed to timely remove. (ECF No. 6).

**II.  Legal Standard**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

**James C. Mahan**
**U.S. District Judge**

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

**James C. Mahan**
**U.S. District Judge**

**III.   Discussion**

Plaintiff moves to remand due to defendants' failure to remove this matter within thirty days of service.  (ECF No. 6); *see* 28 U.S.C. § 1446(b); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at 694.  "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014).  NRS § 14.070 permits substitute service to a statutory agent employed by the state when a defendant happens to be a non-resident of that state.  NRS §14.070.

Here, both defendants filed notice of removal long after service was effectuated.  (ECF No. 1).  Without authority, defendants invoke the notion that the "retention [of] defense counsel" was "the actual event causing 28 USCS §1446(b) 30-day removal period to begin to run, if any."  (*Id.*).  As to their other points, defendants cite a slew of caselaw from other jurisdictions to argue that service was not effectuated.  (ECF No. 8).

However, these citations are contradicted by established Nevada law: plaintiff need not produce evidence of actual receipt of service; "risk of nondelivery must fall upon the defendant."  *Mitchell v. Second Jud. Dist. Ct.*, 418 P.2d 994, 997 (Nev. 1966).

This court finds that defendants failed to timely remove this matter.  Thus, remand is appropriate.  (ECF No. 6).

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

DATED April 23, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**